Ricky Dean Fowler
#542398
Jester 3 Unit
3 Jester Road
Richmond, Texas 77406

No. 14-15-00716-CR

Date 8-18-15

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

AUG 21 2015

CHRISTOPHER A. PRINE
CLERK

Fourteenth Court of Appeals
ATTN: Christopher A. Prine, Clerk
301 Fannin, Suite 245
Houston, Texas 77002

RE: Filing of Original Application For Writ of Mandamus

MAILED
UNKNOWN

DEAR HONORABLE PRINE, CLERK:

Enclosed, please find Motion for Leave to File Original Application for Writ of Mandamus, Application to Proceed Forma Pauperis, and Relator's Original Application for Writ of Mandamus, to be filed with the Court. Please present this instrument for Court's ruling as your business permits you. Due to Relator's indigent status, he was not able to place a copy of the same by U.S. mail postage paid addressed to the Respondent of this action, and Relator request forwarding by the Court upon receipt.

I thank you in advance for your attention and consideration in this legal matter.

Respectfully Submitted,

Ricky Dean Fowler
RICKY DEAN FOWLER

WRIT NO. _____

RICKY DEAN FOWLER
TDCJ - 542398
      Relator

VS.

Texas Department of
Criminal Justice-Division
of Board of Pardons
and Paroles
      Respondent

IN THE

FOURTEENTH

COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS
AUG 21 2015
CHRISTOPHER A. PRINE
CLERK

## Motion For Leave to File
## Original Application For Writ of Mandamus

To the Honorable Judge of said Court: MAILED

Comes Now, Ricky Dean Fowler, Relator Pro Se, in the above styles, request leave to file original application for writ of mandamus, would show the court as follows:

1) Under Texas Law, without is any administrative appellate procedure for decision of the board to deny untimely motion to re-open hearing for actual innocence, factual, and statutory findings, because Relator has not been convicted of a felony offense committed while an administrative releasee; and he has not been sentenced to a term of confinement in a penal institution; the determination should not have been considered to be a sufficient hearing to revoke his parole for arbitrary and capricious reason, he is illegally, unlawfully, and unconstitutionally confined in a penal institution.

2) The appropriate method by which a prisoner can attack a board decision is to file a petition for a writ of mandamus against the board.

3) This court should grant leave freely to file original application for writ of mandamus, Tex. Code Crim. Proc. Ann., Art. 4.04, 1; Tex. Const. 5, 5; Tex. Gov. Code Ann., 508.281 (a)(b); 508.283 (a)(2), (c), (d), and (e); 1st, 5th, 8th, and 14th Amendments of the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, RICKY DEAN FOWLER, RELATOR PRAYS THAT THIS COURT GRANT LEAVE FREELY TO FILE ORIGINAL MANDAMUS. 8-18-15
           DATE

RESPECTFULLY SUBMITTED
Ricky Dean Fowler
Ricky Dean Fowler 542398, Pro Se

WRIT NO. _____

RICKY DEAN FOWLER
TDCJ-542398
            Relator                     IN THE

vs.

Texas Department of                     FOURTEENTH
Criminal Justice -
Division of Board of                    Court of Appeals
Pardons and Paroles
            Respondent

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

AUG 21 2015

CHRISTOPHER A. PRINE
CLERK

MAILED
Unknown

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AFFIDAVIT

I, RICKY DEAN FOWLER DECLARE THAT I AM THE RELATOR IN THE ABOVE STYLED ACTION AND THAT I AM UNABLE TO PAY THE COURT COST IN THIS ACTION AND REQUESTS LEAVE OF THE COURT TO PROCEED IN FORMA PAUPERIS IN THE RELIEF SOUGHT IN THE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS, I AM ENTITLED TO, FURTHER I WOULD SHOW THE COURT THE FOLLOWING:

(1) I AM PRESENTLY INCARCERATED IN THE Jester 3 UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, WHERE I AM NOT PERMITTED TO EARN OR HANDLE MONEY.

(2) I HAVE NO SOURCE OF INCOME OR SPOUSAL INCOME.

(3) I CURRENTLY HAVE $0 CREDITED TO ME IN THE INMATE TRUST FUND.

(4) DURING MY INCARCERATION IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE I HAVE RECEIVED APPROXIMATELY $0 PER MONTH AS GIFTS FROM RELATIVES AND FRIENDS.

(5) I NEITHER OWN NOR HAVE AN INTEREST IN ANY REALTY, STOCKS, BONDS, OR BANK ACCOUNTS AND RECEIVE NO INTEREST OR DIVIDEND INCOME FROM ANY SOURCE.

(6) I HAVE 0 DEPENDENTS.

(7) I HAVE TOTAL DEBTS OF APPROXIMATELY $0.

(8) I OWE 0 AS RESTITUTION.

(9) MY MONTHLY EXPENSES ARE APPROXIMATELY $0.

I, RICKY DEAN FOWLER, TDCJ#542398, BEING PRESENTLY INCARCERATED IN THE Jester 3 UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN FORT BEND COUNTY, TEXAS VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS 18TH DAY OF AUGUST 2015.

Ricky Dean Fowler
RICKY DEAN FOWLER
TDCJ-#542398

IN THE

FOURTEENTH

COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

AUG 21 2015

CHRISTOPHER A. PRINE
CLERK

MAILED

WRIT NO. _____

RICKY DEAN FOWLER, RELATOR

VS.

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE - DIVISION OF BOARD OF PARDONS AND PAROLES,
RESPONDENT

ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

RICKY DEAN FOWLER
SDCJ- 542398
        Relator

    VS.

Texas Department of
Criminal Justice —
Division of Board of
Pardons and Paroles
        Respondent

in the

Fourteenth

Court of Appeals

## ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

    Comes Now, RICKY DEAN FOWLER, Relator, PRO SE, in the above styled action and file this original application for writ of mandamus, pursuant to Section 508.281; and 508.283, of the Texas Government Code Ann., and would show the court the following:

### I.
### LIBERAL CONSTRUCTION

    Relator request this court to view his pleadings in light of liberal construction.

### II.
### PROCEDURAL HISTORY

1) Relator's parole was revoked because he violated the release and conditions of his parole by admitting to theft (attempted) of material, a misdemeanor offense.

2) Relator sought to reopen hearing and reinstate supervision with Board via Rule 146.11(B), under exceptional circumstances warranted by the evidence of Relator's GPS monitor movement documentation points.

### III.
### CLAIMS

- 1 -

Relator, RICKY DEAN FOWLER, TDCJ-542398, IS AN OFFENDER INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION (TDCJ-ID), AND IS APPEARING PRO SE, WHO CAN BE LOCATED AT JESTER 3 UNIT, 3 JESTER ROAD, RICHMOND, TEXAS 77406.

Relator HAS EXHAUSTED HIS REMEDIES AND HAS NO OTHER ADEQUATE REMEDY AT LAW. THE ACT SOUGHT TO BE COMPELLED IS MINISTERIAL, NOT DISCRETIONARY IN NATURE. BOARD RULE 146.5 (a)(1)(2)(3); RULE 146.10 (a)(1)(3)(4); RULE 146.11 (b); RULE 146.12 (D)(1)(2)(3); TEX. GOV. CODE ANN., 508.281 (a)(b); 508.283 (a)(2), (c),(d), AND (e)(FORMLY TEX. CODE CRIM. PROC. ART. 42.18, 14(a)); ACT OF JUNE 14, 2001, 77TH LEG., R.S., CH. 856, 11, 2001 TEX. GEN. LAWS 1608 (MAKING TEX. GOV. CODE ANN. 508.281 (a)(b); AND 508.283 (a)(2), (c),(d), AND (e) APPLICABLE TO REVOCATIONS OCCURING AFTER SEPTEMBER 1, 2001), ON JUNE 29, 2012, RELATOR PLEAD NO CONTENDERE/ NO CONTEST TO ATTEMPTED THEFT OF MATERIAL < $20K, IN COUNTY COURT AT LAW NUMBER 1, GALVESTON COUNTY, CAUSE NUMBER MD-0321577, IN EXCHANGE FOR 360 DAYS COUNTY JAIL, WHICH VIOLATED THE BOARD OF PARDONS AND PAROLES RULE #2: AS SET OUT IN THE CERTIFICATE OF RELEASE, STATES: I SHALL COMMIT NO OFFENSE AGAINST THE LAWS OF THIS STATE OR ANY OTHER STATE OR THE UNITED STATES.

Relator's PAROLE OFFICER MATT FONDREN, BROUGHT PAROLE DOCUMENTS TO COUNTY JAIL ON AUGUST 27, 2012, WHILE VISITING RELATOR, MR. FONDREN ADVISED RELATOR THAT IT WOULD BE BEST IF HE WAIVED REVOCATION HEARING AND ADMIT TO VIOLATING BOARD RULE #2, SINCE HE PLEAD NOLO CONTENDERE/NO CONTEST TO MISDEMEANOR CASE. RELATOR EXPLAINED TO MR FONDREN THAT THE ONLY REASON HE PLED WAS BECAUSE HIS MOTHER HAD DECEASED ON JUNE 20, 2012 AND HE WAS PLACED UNDER DURESS BY THE JUSTICE SYSTEM ONLY BECAUSE OF HIS PAST LEGAL PROBLEMS. RELATOR'S PAROLE OFFICER, MATT FONDREN, AGREED UPON RELATOR SIGNING HEARING WAIVER THAT HE WOULD INCLUDE IN REVOC--ATION INFORMATION GATHERED FOR BOARD ANALYST REVIEW OF ALL EVIDENCE — THE RELATOR'S 3M PRO-TECH GPS MONITOR MOVEMENT POINTS FOR 12-23-11, THE ALLEGED DATE OF VIOLATION OCCURANCE.

THE RELATOR'S HEARING WAS HELD BY WAIVER, AN ALLEGATIONS AND FINDINGS WAS CONDUCTED BY BOARD ANALYSTS TO THE ABOVE MENTIONED CHARGE AND INFORMATION, SUBMITTED; WHICH EXCLUDED THE RELATOR'S 3M PRO-TECH GPS MONITOR MOVEMENT POINTS FOR DATE OF ALLEGED OFFENSE. RELATOR'S PAROLE WAS REVOKED. RELATOR CLAIM THAT UNDER EXCEPTIONAL CIRCUMSTANCES, HIS CASE MANAGER MATT FONDREN, HAD A DUTY AND RESPONSIBILITY TO SUBMIT AND FILE ALL EVIDENCE IN THE STATE'S POSSESSION, EXCULPATORY EVIDENCE AS WELL AS INCRIMINATORY, THE 3M PRO-TECH GPS MONITORING SYSTEM IS THE BOARD OF PARDONS AND PAROLES SAFEGUARD PROTECTION FOR SOCIETY. ITS STATE-OF-THE-ART HIGH END TECHNOLOGY GIVES PRECISE AND ACCURATE GPS LOCATIONS.

Relator claims under this exceptional circumstance, especially in the Board's possession, this element of material fact should have been considered to be sufficient evidence in determining reinstatement or revocation in a fair waiver hearing, where evidence was requested by Relator to be submitted and in the possession of the Board of Pardons and Paroles information gathering officer, Matt Fondren, Relator's case manager. The 3M Pro-Tech GPS monitoring system would have exonerated the Relator, and shown that the Relator could not have violated Rule #2, nor committed the alleged offense if he was not present or at the stated location on 12-23-11. (See 508.254(a)).

Relator believe the Board would have re-instated, continued, or modified his parole, but for the Board's claim that Relator waived his revocation hearing, Relator was denied motion to reopen hearing or reinstate supervision pursuant to Board's Rule 146.11, and denied special review pursuant to Board's Rule 145.17(c)(3). (See attachments, A and B)

Relator claims that Respondent, Board of Pardons and Paroles has failed to do ministerial duty to hold a fair revocation hearing. The Relator's hearing was held by waiver, an allegations and findings was conducted by Board analyst on August 29, 2012, pursuant to Gov. Code Ann. 508.281(a)(b), to revoke a parole for a condition or rule violation, the parole panel or hearing agent of the Board determines that a releasee has been convicted of a felony offense committed while an administrative releasee and has been sentenced to a term of confinement in a penal institution, the determination is considered to be a sufficient hearing to revoke the parole. Respondent violated this statute, did not have authority to revoke Relator's parole pursuant to 508.281(a)(b), supra.

Relator states without argument that his parole could not have been revoked pursuant to 508.281(b), supra, because under the statute for revoke of Relator's parole, it is not applicable to a misdemeanor offense as the Relator was found to have violated conditions or rules of his parole release by the Board analyst findings, see and compare hearing/waiver results allegations and findings and Tex. Gov. Code Ann. 508.281(b), supra. Respondent has the authority to reinstate, continue, or modify Relator's parole, see Tex. Gov. Code Ann. 508.283(a)(c)(d) and (e); see Board Rules 146.5(a)(1), 146.10(a)(1), and 146.12(d)(1)(2)(3). All applicable to Relator's parole.

Relator's claim and argument in his parole waiver hearing is that the Board analyst findings to revoke his parole pursuant Tex. Gov. Code Ann. 508.281 (a)(1), not only must the Board adhere to, and follow the Tex. Gov. Code statutes and Board of Pardons and Paroles rules and procedures, but any agent of the

BOARD OF PARDONS AND PAROLES WHOM FAILS TO ACT OR PERFORM A MINISTERAL DUTY OR RESPONSIBILITY INCUMBENT UPON HIM, WITHIN THE PAROLE REVOCATION PROCESS OF THE RELATOR, RENDERS THE RELATOR'S REVOCATION OF HIS PAROLE TO BE ILLEGAL, UNLAWFULLY, AND UNCONSTITUTIONALLY DUE TO THE BOARD'S AGENT'S ARBITRARY AND CAPRICIOUS ACTIONS. THE RELATOR CLAIMS THE BOARD'S AGENT, MATT FONDREN, HIS PAROLE CASE MANAGER, FAILED IN HIS MINISTERAL DUTY AND RESPONSIBILITY AS AN INTERMEDIARY BETWEEN THE RELATOR AND THE BOARD OF PARDONS AND PAROLE TO PRESENT ALL RELEVANT AND SIGNIFICANT FACTS OF DOCUMENTATION AND DATA EVIDENCE OF THE ALLEGED RULE VIOLATION, TO INCLUDE AS REQUESTED BY THE RELATOR, BUT NOT LIMITED TO THE RELATOR'S 3M PRO-TECH GPS MONITOR MOVEMENT POINTS DATA, PRESENTED ON A DAILY BASIS TO THE WEBSTER PAROLE OFFICE, IN POSSESSION OF MATT FONDREN, THE RELATOR'S CASE MANAGER, AND AVAILABLE FOR THE PAROLE BOARD'S ANALYST REVIEW FOR FINDINGS IN A WAIVER HEARING; BUT WERE NOT PRESENTED OR INCLUDED IN THE RECIEPT OF EVIDENCE BY THE BOARD PANEL OR ANALYST TO MAKE A SUFFICIENT AND FAIR FINDING IN THE REVOCATION OF THE RELATOR'S PAROLE. THIS ARBITRARY AND CAPRICIOUS ACTION BY THE BOARD'S AGENT AND INTERMEDIARY BETWEEN THE RELATOR AND THE BOARD OF PARDONS AND PAROLES VIOLATED THE TEX. GOVT. CODE ANN. 508.254(a); BOARD OF PARDONS AND PAROLES RULES 146.5(a)(2) IT CANNOT BE PROVIDED THAT THE PAROLE PANEL FINDS THAT A PREPONDERANCE OF EVIDENCE EXISTS THAT A CONDITION OF PAROLE WAS VIOLATED, IF RELEVANT AND SIGNIFICANT FACTUAL EVIDENCE IS WITHHELD BY BOARD AGENT, MATT FONDREN, THE RELATOR'S CASE MANAGER IN POSSESSION OF DATA DOCUMENTATION AND AT THE BOARD'S REQUEST AT ANY STAGE OF THE REVOCATION PROCESS. RULE 146.10(a)(3) IT CANNOT BE PROVIDED THAT A FAIR AND SUFFICIENT MITIGATION HEARING WAS ESTABLISHED, WHEN THE BOARD'S AGENT, MATT FONDREN, DISCRETIONARY DECISON TO OMIT AND NOT PRESENT OR SUBMIT DOCUMENTATION OF EVIDENCE THAT EXONERATE THE RELATOR OF VIOLATING A CONDITION OR RULE OF HIS PAROLE RELEASE. THE ABOVE MENTIONED TEX. GOV. CODE ANN. STATUTE AND RULES ADOPTED BY THE BOARD OF PARDONS AND PAROLES MUST BE FOLLOWED AND ADHERED TO, WHICH IS THE ONLY WAY THE BOARD COULD HAVE REVOKED THE RELATOR'S PAROLE. PURSUANT TO TEX. GOV. CODE ANN. 508.281(a)(1), THE RELATOR, IS ENTITLED TO A HEARING BEFORE A PAROLE PANEL OR A DESIGNATED AGENT OF THE BOARD UNDER THE RULES ADOPTED. REGARDLESS OF WHETHER THE RELATOR WAIVED REVOCATION HEARING OR NOT, THE RELATOR IS STILL ENTITLED TO A FAIR AND SUFFICIENT WAIVER HEARING BY THE BOARD ANALYST AND THE PRESENTATION OF ALL FACTS SURROUNDING THE ALLEGED OFFENSE, VIOLATION OF A RULE OR CONDITION OF RELEASE, OR DANGEROUS BEHAVIOR... TEX. GOV. CODE ANN. 508.254(a), SUPRA.

THE DETERMINATION SHOULD NOT HAVE BEEN CONSIDERED TO BE A SUFFICIENT HEARING TO REVOKE RELATOR'S PAROLE, RELATOR IS ACTUALLY INNOCENT OF STATUTE FOR DETERMINATION

-4-

of board analyst findings to warrant revocation of his parole UNDER BOARD RULES AND GOV. STATUTES THAT PROVIDE DETERMINATIONS MADE DUE TO "ANY MANNER WARRANTED BY THE EVIDENCE." PURSUANT TO TEX. GOV. CODE ANN. 508.281(a)(1)(b), AND 508.283(a)(2)(d)(e), BECAUSE OF ARBITRARY AND CAPRICIOUS REASONS. Relator is unlawfully and unconstitutionally confined in a penal institution. Relator suffers harm and prejudice until this court hears relator's claims and grant him relief to which he may be entitled, inter alia, the revocation of his parole forfeited one year and four months towards relator's long way of discharge of calendar time to his remaining sentence of seventeen years at the time of revocation of his parole, time that would have been credited if his parole was not revoked by respondent, unlawfully. RELATOR'S PAROLE SHOULD NOT HAVE BEEN REVOKED, but rather sanctioned at best, under board rule 146.12 (d)(2)(3); or Tex. Gov. Code Ann. 508.283(a)(2)(d)(e). Relator claims that respondent has a ministerial duty and responsibility pursuant Tex. Gov. Codes. Ann. 508.254(a); 508.281(a)(1); and 508.283(a)(2)(d)(e). to perform a fair, sufficient, and constitutional waiver hearing to revoke relator's parole. RELATOR WAS DENIED A FAIR, SUFFICIENT, AND CONSTITUTIONAL WAIVER HEARING BECAUSE BOARD'S AGENT WITHHELD RELEVANT AND SIGNIFICANT DATA EVIDENCE IN HIS POSSESSION FROM THE REVOCATION AND SANCTIONS HEARING PROCESS; to wit - the relator's 3M pro-tech GPS monitor movement points data. information, if presented, could have reversed the findings and determination of the waiver hearing analyst that a condition or rule of the relator's parole has in fact not been violated, although the relator admitted to the misdemeanor offense while under duress. Relator is entitled to a lawful, sufficient, and fair hearing and sanctions process, the due process clause provides an administrative releasee with several rights before his parole can be revoked.

Relator believes he has made a proper showing of factual and statutory actual innocence claim, relator is entitled to grant of mandamus relief. Relator is illegally and unconstitutionally confined in a penal institution, violating his 8th amendment right "nor cruel and unusual punishment inflicted" of the united state constitution, as well as his 5th and 14th amendments due process clauses. Relator will continue to suffer harm and prejudice, and remain illegally and unconstitutionally confined in a penal institution, if this fourteeth court of appeals do not hear the merits of such claims, justice will result in a miscarriage. Relator claims that an error of law, statutes, and rules should be considered an exceptional circumstance in the eyes of justice and fairness and liberty.

Relator contends that this court has jurisdiction under the authority of Texas Constitution Article 5, 5; 1st, 5th, 8th, and 14th Amendments of the United States Constitution; Texas Government Code Annotated 508.281, 508.283, supra. Relator request this court to consider whether he has any adequate legal remedy.

## IV.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Relator, Ricky Dean Fowler, Pro Se, respectfully request a finding that Respondent did not afford Relator a fair, sufficient, and constitutionally revocation hearing and the Board of Pardons and Paroles unconstitutionally revoked Relator's parole and forfeited his "street time" credit and liberties arbitrarily, due to violations of the Texas Government Code statutes, and Board of Pardons and Paroles adopted rules provided to revoke the Relator's parole, continue the Relator's parole, or modify the Relator's parole in a fair, sufficient, and constitutionally revocation hearing. Relator's parole should be re-instated supervision immediately, without further delay, and restoration of the Relator's "street time" credit forfeited as a result of the revocation of Relator's parole on August 29, 2012, from the date of administrative release to parole, December 16, 2009.

8-18-15
Date

Respectfully submitted,

Ricky Dean Fowler
Ricky Dean Fowler, #542398
Pro-se Relator
Jester 3 Unit
3 Jester Road
Richmond, Texas 77406

## INMATES DECLARATION

I, RICKY DEAN FOWLER, HEREBY DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDINGLY TO MY BELIEF, THAT THE FACTS STATED IN THE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS, ARE TRUE AND CORRECT UNDER TEXAS CIVIL PRACTICES REMEDIES CODE ANNOTATED, 132.001, 132.003.

8-18-15
DATE

Ricky Dean Fowler
RICKY DEAN FOWLER/RELATOR

## CERTIFICATE OF SERVICE

I, RICKY DEAN FOWLER, BEING INDIGENT AND PRESENTLY INCARCERATED IN TDCJ-ID, AT THE JESTER 3 UNIT, 3 JESTER ROAD, IN RICHMOND TEXAS 77406. DO HEREBY REQUEST THE SAID CLERK OF THE COURT TO FORWARD A TRUE AND CORRECT COPY OF THE ABOVE FOREGOING ORIGINAL APPLICATION FOR WRIT OF MANDAMUS TO THE RESPONDENT, BY PLACING THE SAME IN THE U.S. MAIL POSTAGE PAID. WHOM CAN BE REACHED AT THE FOLLOWING ADDRESS:

DIRECTOR OF THE BOARD OF PARDONS AND PAROLES
8610 SHOAL CREEK BOULEVARD
AUSTIN, TEXAS 78757

8-18-15
DATE

Ricky Dean Fowler
RICKY DEAN FOWLER/RELATOR



# State of Texas
## BOARD OF PARDONS AND PAROLES

Bettie L. Wells
General Counsel

**October 16, 2012**

Fowler, Ricky Dean
TDCJ-CID# 542398
Holliday Unit
295 I.H. 45N
Huntsville, Texas 77320

      RE:   **MOTION TO REOPEN HEARING**

Dear Mr. Fowler:

The Board of Pardons and Paroles is in receipt of your correspondence postmarked 10/09/2012.

Your original Motion to Reopen Hearing received on 9/06/2012 was not processed because you waived your hearing. Your recent Motion to Reopen Hearing is considered a supplemental request and will not be processed for the same reason your original request was not processed. No further consideration will be given concerning your request.

Be advised that subsequent letters requesting the same relief will be placed in your TDCJ-CID Parole Division file.

Sincerely,

David M. McKinney
Assistant General Counsel

DMM/jsm

cc:    File



# STATE OF TEXAS
# BOARD OF PARDONS AND PAROLES

July 29, 2013

Mr. Ricky Fowler
TDCJ-CID/SID # 00542398
Huntsville Unit
ROW D-3-11
815 12th Street
Huntsville, Texas 77342

Dear Mr. Fowler:

This is to acknowledge receipt of your correspondence dated July 09, 2013.

Special Review applies to cases reviewed during the normal review process and denied release to parole or mandatory supervision. A request for a Special Review shall be considered only in the following circumstances.

1. A parole panel member who voted with the majority on the panel desires to have the decision reconsidered prior to the next review date.

2. A written request on behalf of an offender cites information not previously available to the parole panel. In accordance with Section 145.17 (C), Texas Administrative Code, all requests for special review shall be in writing and signed by the offender or their attorney.

   Information not previously available shall mean only:

   (A) responses from trial officials and victims;

   (B) a change in an offender's sentence and judgment; or

   (C) an allegation that the parole panel commits an error in law or board rule.

   Allegation(s) must clearly show/state the error in law or board rule.

3. If both parole panel members who voted with the majority are no longer active board members or parole commissioners, the presiding officer (chair) or designated board member may place the decision in the special review process to be reconsidered prior to the next review date.

Your request does not meet one of the above criteria at this time.

Sincerely,

Denise Williams
Program Supervisor III

DW/br
cc: File

---

Texas Board of Pardons and Paroles, Central Office, 8610 Shoal Creek Blvd., Austin, Texas 78757
Phone (512) 406-5452 Fax (512) 406-5482 Offender Status Line: 1-800-535-0283

...cky Dean Fowler
#542398
...ster 3 Unit
Jester Rd.
...chmond, Texas 77406

Fourteenth Court of Appeals
ATTN: Christopher A. Prine, Clerk
301 Fannin, Suite 245
Houston, Texas 77002